**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

September 29, 2015

LETTER TO COUNSEL

RE:   *Carolyn Dunlap v. Commissioner, Social Security Administration*;
      Civil No. SAG-14-3267

Dear Counsel:

On October 19, 2014, Plaintiff Carolyn Dunlap petitioned this Court to review the Social Security Administration's final decision to deny her claim for Disability Insurance Benefits.[1] (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 13, 16). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g); 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny Ms. Dunlap's motion, grant the Commissioner's motion, and affirm the Commissioner's judgment pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Ms. Dunlap filed a claim for Disability Insurance Benefits ("DIB") on March 8, 2011.[2] (Tr. 219-20). She alleged a disability onset date of October 5, 2009. (Tr. 219, 221). Her claims were denied initially and on reconsideration. (Tr. 134-37, 143-46). A hearing was held on March 14, 2013, before an Administrative Law Judge ("ALJ"), and a supplemental hearing was held before an ALJ on April 23, 2013. (Tr. 31-111). Following the hearing, the ALJ determined that Ms. Dunlap was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 14-30). The Appeals Council denied Ms. Dunlap's request for review, (Tr. 1-3), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Ms. Dunlap suffered from the severe impairments of "Degenerative disc disease of the cervical and lumbar spine, cervical spondylosis, headaches, residuals of bilateral rotator cuff surgery." (Tr. 19). Despite these impairments, the ALJ determined that Ms. Dunlap retained the residual functional capacity ("RFC") to:

---

[1] Although the ALJ decision states that Ms. Dunlap also filed a claim for Supplement Security Income, the record does not contain an application, Disability Determination Transmittal, Disability Determination Explanation, or Notice of Disapproved Claim for Supplemental Security Income benefits. *See* (Tr. 112-33, 134-37, 143-49, 219-22).
[2] There is a discrepancy in the record about when Ms. Dunlap initially filed her claim for DIB. The ALJ decision and the Disability Determination Transmittals provide an application date of March 7, 2011. (Tr. 17, 112, 122, 133). The above date of March 8, 2011, reflects the date on Ms. Dunlap's application for DIB. (Tr. 219-22).

*Carolyn Dunlap v. Commissioner, Social Security Administration*
Civil No. SAG-14-3267
September 29, 2015
Page 2

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except she is precluded from crawling and climbing ladders, ropes, or scaffolds. She is limited to no more than occasional overhead reaching on the right, balancing, stooping, kneeling, crouching, and climbing ramps and stairs.

(Tr. 22). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Dunlap could perform her past relevant work as an accounting clerk and that, therefore, she was not disabled. (Tr. 25-26).

Ms. Dunlap raises two arguments on appeal. First, she argues that the ALJ erroneously assessed her RFC, and second, that the ALJ erroneously evaluated her subjective complaints. Each of Ms. Dunlap's arguments lacks merit and is addressed below.

Regarding the assessment of her RFC, Ms. Dunlap contends that the ALJ failed to include any limitation related to her neck condition or headaches, applied an improper standard in determining that her depressive disorder was not severe, and failed to include any limitation in the RFC assessment related to her ability to sit.[3] Pl. Mem. 6-9. With respect to the ALJ's alleged failure to include any limitations related to Ms. Dunlap's neck condition or headaches, I find this argument deficient because there is no requirement that every severe impairment correlate with a particular restriction in the RFC assessment. *See Carrier v. Astrue*, No. SAG-10-3264, 2013 WL 136423, at *1 (D. Md. Jan. 9, 2013). Even so, I note that the ALJ provided adequate discussion of Ms. Dunlap's neck condition and headaches and any related limitations. Specifically, in his discussion of Ms. Dunlap's headaches, the ALJ stated, "These impairments have the potential to limit the claimant's ability to engage in exertional activities." (Tr. 24). The ALJ then discussed State agency RFC assessments finding limitations in Ms. Dunlap's ability to complete exertional activities. He also included exertional limitations in his RFC assessment that could reasonably relate to Ms. Dunlap's headaches and neck condition. My review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390, 404 (1971). Thus, even if there is other evidence that may support Ms. Dunlap's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Accordingly, I find that the ALJ adequately addressed Ms. Dunlap's headaches and neck condition.

Likewise, I find no error warranting remand with respect to the ALJ's finding that Ms. Dunlap's depressive disorder is not a severe impairment. Ms. Dunlap argues that the ALJ erred in rejecting the findings of her treating healthcare provider who rated her as having a Global Assessment of Functioning ("GAF") score of 58, which is indicative of moderate symptoms. As above, I cannot reweigh evidence and may only determine whether the ALJ's conclusions are supported by substantial evidence. Here, I find that the ALJ provided substantial evidence in

---

[3] Ms. Dunlap also argues that the ALJ correctly found her obesity to be a severe impairment at step two, but failed to discuss obesity at steps three and four without explanation. Pl. Mem. 4-5. However, the ALJ did not find obesity to be a severe impairment at step two. *See* (Tr. 19).

*Carolyn Dunlap v. Commissioner, Social Security Administration*
Civil No. SAG-14-3267
September 29, 2015
Page 3

rejecting the treating healthcare provider's opinion. In his discussion of the GAF score, the ALJ stated, "While the GAF value is indicative of moderate occupational impairment, no such impairment is identified in the clinical records." (Tr. 21). Thus, the ALJ found the opinion to be inconsistent with the medical evidence of record. Accordingly, he found that the GAF score was "of little probative value." *Id.* Furthermore, while nothing prohibits an ALJ from considering GAF scores as one component of a full analysis of the evidence of record, it is well established that GAF scores are not determinative of disability. *See, e.g., Davis v. Astrue*, Case No. JKS–09–2545, 2010 WL 5237850, at *3 (D. Md. Dec. 15, 2010); *Kozel v. Astrue*, No. JKS–10–2180, 2012 WL 2951554, at *10 (D. Md. July 18, 2012). Accordingly, I find that the ALJ's rejection of Ms. Dunlap's treating healthcare provider, and his finding that her depressive disorder is not a severe impairment, are supported by substantial evidence.

In addition, the ALJ noted that Ms. Dunlap's depression had not been present for at least twelve months. *Id.* Ms. Dunlap argues that this is error since the threshold for a severe impairment is that it "must have lasted *or must be expected to last* for a continuous period of at least 12 months." 20 C.F.R. § 404.1509 (emphasis added). Even so, I find the ALJ's failure to consider the expected duration of Ms. Dunlap's depressive disorder harmless error since another threshold requirement of a severe mental impairment is that it causes at least moderate limitation in at least one of four domains. *See* 20 C.F.R. § 404.1520a(c). Here, the ALJ rated Ms. Dunlap as having only mild limitations and no episodes of decompensation. (Tr. 20-21). Thus, she does not meet the other threshold requirement of having a severe mental impairment, and the failure to consider its expected duration is harmless error.

Ms. Dunlap next argues that the ALJ erred by not including any limitations in the RFC assessment regarding her ability to sit. In her discussion, Ms. Dunlap refers to evidence, as well as testimony, that she has difficulty with prolonged sitting. Pl. Mem. 8 (citing Tr. 57, 279, 307, 332, 412, 934). Even so, the ALJ also cited Ms. Dunlap's testimony at her hearing in March of 2013 that she could sit for a couple of hours. (Tr. 24). Furthermore, the ALJ noted that Ms. Dunlap's prior temporary desk work, which she performed during the relevant period, was consistent with a finding that she is able to perform sedentary work. (Tr. 25). The ALJ further noted that she left her desk work because it was temporary and because she had undergone surgery, not because her impairments limited her ability to perform the job. Accordingly, despite Ms. Dunlap's assertions, the ALJ supported his finding that she could sit long enough to sustain sedentary work with substantial evidence.

Turning to Ms. Dunlap's second argument, she contends that the ALJ erroneously evaluated her subjective complaints. Specifically, Ms. Dunlap argues that the ALJ failed to identify any inconsistencies between her complaints or statements to healthcare providers and failed to identify a single complaint or alleged limitation that was not credible. Pl. Mem. 11. Yet, the ALJ's decision largely hinges on the fact that Ms. Dunlap left her past relevant work because it was temporary and she had recently undergone surgery, not due to limitations from her impairments. (Tr. 25). Thus, the primary reason for the ALJ's decision was that Ms. Dunlap's demonstrated ability, and her statements about the reasons for leaving her job,

contradicted her contention that she was disabled. Accordingly, I find no error warranting remand.

For the reasons set forth herein, Ms. Dunlap's Motion for Summary Judgment (ECF No. 13) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 16) is GRANTED. The Commissioner's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,


Stephanie A. Gallagher
United States Magistrate Judge